UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY ARMES, Individually and as Parent
of CHYANNE ARMES and AMBER ARMES,

    PLAINTIFF,

v.                                                        Case No. 05-72174
                                                           Honorable Sean F. Cox

THE CONNECTION CO., d/b/a THE MICHIGAN
CONNECTION, SCOTT PRESTON, MICHELIN
NORTH AMERICA, INC. and TNT LOGISTICS
NORTH AMERICA, INC.,

    DEFENDANTS.
_____/

**OPINION & ORDER
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Jerry Armes, individually and as the parent of Chyanne Armes and Amber Armes, ("Plaintiff") filed this personal injury action on May 11, 2005. The matter is currently before the Court on Plaintiff's Motion for Summary Judgment. The parties have fully briefed the issues and the Court heard oral argument on September 5, 2006. For the reasons that follow, Plaintiff's motion shall be denied.

**I.    Background**

Plaintiff was injured while driving a forklift on September 9, 2002 at a warehouse located in Temperance, Michigan. At that time, Plaintiff was employed by Benore Logistics as a fork lift operator. The warehouse at issue is owned and operated by either Defendant TNT Logistics North America, Inc. ("TNT") or Defendant Michelin North America, Inc. ("Michelin"). For ease of reference, the Court will refer to the warehouse as the "TNT Warehouse." While Plaintiff was in the process of loading a trailer at the loading dock, the trailer was pulled away from the dock

by a semi truck operated by Defendant Leo Scott Preston ("Preston"), an employee of Defendant The Connection Co. ("Connection Co."). When the trailer was pulled away from the dock, Plaintiff and his fork lift fell to the pavement below the loading dock, causing injuries to Plaintiff.

During his deposition, Preston testified that he had been hired by Connection Co. on September 9, 2002 -- the date of the accident. (Preston Dep. at 11). After reporting for work on his first day of employment with Connection Co., Preston was instructed to pick up two trailers at the TNT Warehouse. When Preston arrived at the TNT Warehouse, he went to the shipping office and was handed a bill of lading indicating which trailer to take back to Connection Co.. (*Id*. at 25; *see* Pl.'s Br. at 4). Preston testified that he was told to pull the trailer at issue. (*Id*. at 49-50).

After receiving the bill of lading, he matched up the number on the bill of lading with the number on the trailer. (*Id*. at 34-35). At the TNT Warehouse, trailers are flush up against the warehouse such that a driver cannot see inside the terminal. (*Id*. at 24). Preston testified that he did not hear any movement or noise from the trailer. (*Id*. at 37). He also testified that he never saw Plaintiff. (*Id*. at 37-38). Preston then removed the jack stand from the trailer and hooked his semi truck up to the trailer. (*Id*. at 36-37). Preston realized an accident had occurred only when he heard a loud crashing noise as he pulled away from the dock. (*Id*. at 38-39).

The TNT Warehouse had a sign on a door that instructed drivers not to remove safety jacks or chocks. (*Id.* at 60). Preston, however, testified that he did not see any signs regarding jack or chock removal at the TNT Warehouse. (Preston Dep. at 25). Preston further testified that the TNT Warehouse, unlike the vast majority of warehouses he had seen, did not have red and green lights that signaled when a driver could pull away from the loading dock. (*Id*. at 22-23).

On December 30, 2005, Plaintiff filed a motion titled "Plaintiff Jerry Armes' Motion for Summary Judgment as to Defendants' Negligence and His Lack of Comparative Negligence." In that motion Plaintiffs requests that Court: 1) rule, as a matter of law, that Preston's actions constitute negligence and that Connection Co. is vicariously liable for that negligence; 2) rule, as a matter of law, that the actions of TNT and Michelin constitute negligence; and 3) rule, as a matter of law, that Plaintiff is not comparatively at fault for causing the September 9, 2002 accident.

Since filing the motion, however, Plaintiff has settled all claims with Defendants TNT and Michelin. As such, Plaintiff no longer seeks a ruling that the actions of TNT and Michelin constitute negligence. In addition, the two remaining defendants, Preston and Connection Co., have stipulated that: 1) Plaintiff is not comparatively at fault for causing the accident, and 2) if Preston is found to have acted negligently, Connection Co. is vicariously liable for such negligence. Accordingly, the only issue to be decided by the Court is whether the actions of Preston constitute negligence as a matter of law.

Standard of Review

Summary judgment is proper when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In deciding a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II.  Analysis

Plaintiff seeks a ruling that Preston's actions constitute negligence as a matter of law. Plaintiff's request is based upon Preston's testimony, in which he testified that he did not know

that the trailer had finished loading:

> Q. At the time you hooked up the truck to the trailer, did you know that the trailer was finished loading?
> A. No.
> Q. And at the time that you pulled the trailer away, did you know whether the trailer was finished being loaded?
> A. No.

(Preston Dep. at 38). Plaintiff asserts that the fact that Preston pulled away from the dock without having personal knowledge of whether the loading was finished constitutes negligence as a matter of law.

In response, Defendants Preston and Connection Co. note that the accident occurred on Preston's first day on the job and that he had never been at the TNT Warehouse before that date. Preston testified that he did not see any signs that indicated he was not to remove jack stands or chocks. He also testified that he did not see or hear Plaintiff at the time of the incident. They also note that preceding the exchange cited above, Preston testified as follows:

> Q. Did you see – prior to pulling away – did you see my client, Mr. Armes, that day at all?
> A. No.
> . . . .
> Q. At the time you removed the jack did you know whether the trailer was done being loaded?
> A. I had the bills.

(Preston Dep. at 37-38). Defendants Preston and Connection Co. assert that, under the circumstances, Preston reasonably assumed that the trailer he was instructed to pull had already been loaded when he was given the bill of lading.

In addition, Defendants Preston and Connection Co. assert that the sole cause of the accident is the negligence of Co-Defendants TNT and Michelin in handing Preston the bill of lading for the wrong trailer and in failing to provide adequate instructions to him regarding the

warehouse's policies and procedures. Defendants Preston and Connection Co. assert that under these circumstances, a question of fact exists as to whether or not Preston failed to act as a reasonably prudent person under the circumstances that existed.

The Court agrees that summary judgment is not warranted. As the United States Court of Appeals for the Sixth Circuit has noted, "there is eminent authority in support of the proposition that issues of negligence are ordinarily not susceptible of summary adjudication, but should be resolved by trial in the ordinary manner." *McTavish v. Chesapeake & Ohio Railroad Co.*, 483 F.2d 510, 513 (6th Cir. 1973); *see also Rogers v. Peabody Coal Co.*, 342 F.2d 749, 751 (6th Cir. 1965). This is because the determination of issues of fact involved in negligence cases depends upon the application of the standard of care of an ordinarily prudent individual and the facts and circumstances of individual cases affect the extent of care to be expected from the parties involved. *McTavish,* 483 F.2d at 513. When viewed in the light most favorable to Defendants, the evidence before the Court, including Preston's deposition testimony, raises genuine issues of fact which are material to the question of Preston's negligence. Accordingly, the Court cannot rule, as a matter of law, that Preston's actions constitute negligence under the circumstances presented here.

### III.  Conclusion

For the reasons set forth above, Plaintiff's Motion for Summary Judgment, brought pursuant to FED. R. CIV. P. 56(c), is DENIED.

                                                 S/Sean F. Cox
                                                 SEAN F. COX
                                                 UNITED STATES DISTRICT JUDGE

Dated: September 6, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY ARMES, Individually and as Parent
of CHYANNE ARMES and AMBER ARMES,

    PLAINTIFF,

v.                                                                    Case No. 05-72174
                                                                   Honorable Sean F. Cox

THE CONNECTION CO., d/b/a THE MICHIGAN
CONNECTION, SCOTT PRESTON, MICHELIN
NORTH AMERICA, INC. and TNT LOGISTICS
NORTH AMERICA, INC.,

    DEFENDANTS.
_____/

**PROOF OF SERVICE**

The undersigned certifies that the foregoing opinion and order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on September 6, 2006.

                                                     s/Jennifer Hernandez
                                                   Case Manager to
                                                   District Judge Sean F. Cox